UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Matthew Cleveland, ) | C/A No. 9:12-00411-TLW-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Report and Recommendation |
| ) | |
| The United States of America; ) | |
| William Norman Nettles, U.S. Attorney, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Gregory Matthew Cleveland (Petitioner), proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner is a pretrial detainee at the Spartanburg County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case pursuant to the procedural provisions of § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).



development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).

However, even when considered under this less stringent standard, the undersigned finds and concludes that the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

"[T]he Petitioner herein currently has charges pending in state court as the result of an alledged [sic] stand-off with police which occurred according to police on March 1, 2011." ECF No. 1, page 1. Petitioner further indicates that he is a "convicted felon [who] is now ripe for federal indictment" under 18 U.S.C. § 922(g) for possession of a firearm. *Id.* at 2. Although Petitioner "is a pre-trial detainee pending trial in state court," he claims that the "jurisdiction of the federal government superceeds [sic] that of the state due to the 'instant possession rule'" which allegedly establishes jurisdiction in this case. *Id.* The Petition claims that the federal government's failure to act "on ripe jurisdiction" subjects Petitioner to prejudice "in a future federal indictment with additional penalties." *Id.* at 3. Thus, Petitioner "seeks a writ compelling the respondent to either formally indict upon ripe jurisdiction under 18 U.S.C. § 922(g), or give up its right by waiver of its current jurisdiction granting immunity from prosecution in the future." *Id.* at 1. This is the fourth case filed by Petitioner in this Court seeking such relief.[2]

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



Petitioner first filed a Petition for a Writ of Mandamus asking this Court to compel the United States Government to show cause why it should not indict him for being a felon in possession of a firearm. *See Cleveland v. United States of America*, Civil Action No. 9:11-01335-TLW (dismissed July 19, 2011), affirmed *Cleveland v. United Stated of America*, No. 11-6990, 2011 WL 5024163 (4th Cir. Oct. 21, 2011)(hereinafter "*Cleveland I*"). Next, Petitioner filed an action pursuant to 42 U.S.C. § 1983 seeking an order directing the United States and the United States Attorney to show cause why Petitioner should not be indicted for violations of federal law associated with his possession of a firearm during the alleged stand-off on March 1, 2011. *See Cleveland v. Barry Barnett, et al.*, Civil Action No. 7:11-03073-TLW (dismissed January 30, 2012)(hereinafter *"Cleveland II"*). Finally, Petitioner filed a § 2241 habeas petition asking for an injunction halting his state prosecution due to the possibility that he could be indicted on federal charges. *See Cleveland v. Barry Barnette*, Civil Action No. 9:12-0001-TLW(case pending)(hereinafter *"Cleveland III"*). The previous Petition further asked that the matter be referred by this Court to the United States Attorney for any subsequent indictment proceedings, and for immunity from being charged in the future if the United States Attorney declined to indict Petitioner. *Id.*

While pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him," *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)), the instant case does not challenge, or seek relief from, Petitioner's pending state criminal charges. Instead, the Petition asks this Court to compel the United States Attorney to indict Petitioner on federal charges, or waive any right to do so. However, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is

3



generally not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). Further, as discussed in the Report and Recommendations issued in *Cleveland I* and *Cleveland II*, Petitioner lacks standing to seek a federal criminal prosecution of any person, including himself. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)(a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *see also Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(applying *Linda R.S. v. Richard D.* and collecting cases). Thus, Petitioner cannot force the United States to indict him for violations of federal law either directly, or indirectly by asking for this Court's assistance. *Cf. Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973)("[F]ederal courts have traditionally and, to our knowledge, uniformly restrained from overturning at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made."); *see also In Re Ellerbee*, No. 02-6214, 2002 WL 1792110 (4th Cir. Aug. 6, 2002).

Therefore, Petitioner's habeas petition, seeking an order to compel federal prosecution, has no arguable basis in law and is further frivolous because it is essentially the same claim previously filed and denied in *Cleveland I and Cleveland II*, and currently being litigated in *Cleveland III*. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). *See also See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623 at *1 (4th Cir. Aug. 14, 2000)("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous"); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998)("[D]istrict



4

courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party".).  As such, the instant case is subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Petition *without prejudice*. The Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 28, 2012
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

